# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

## CASE NO:  1:21-cv-00163-AW-GRJ

**DIYONNE MCGRAW,**

      **Plaintiff,**

**v.**

**KHANH-LIEN ROBERTS BANKO,**
**SELDON J. CHILDERS,**
**CHILDERS LAW LLC,** and
**RON DESANTIS**, in his individual
capacity and official capacity as Governor of Florida.

      **Defendants.**

---

## PLAINTIFF'S AMENDED CIVIL COMPLAINT
### (DEMAND FOR JURY TRIAL)

---

Richard Keith Alan II, Esq.
Trial and Appellate Counsel
777 S. Flagler Drive
Suite 800 – West Tower
West Palm Beach, Florida 33401
(800) 832-3470 telephone
(561) 771-0520 facsimile

By: */s/ Richard Keith Alan II*
Richard Keith Alan II, For the Firm
Florida Bar No. 120863
Primary: attyrkaii@timefortrial.com
Secondary: blackops777@timefortrial.com

# TABLE OF CONTENTS

WHO IS ELECTED OFFICIAL DIYONNE MCGRAW?……………………6-10

WHAT IS THE NATURE OF MCGRAW'S CASE?……………......10-11

42 U.S.C. §1983 CIVIL CONSPIRACY DEFINED…...……..11-13

MCGRAW'S FUNDAMENTAL RIGHT TO SUE AND DEFEND DEPRIVED BY THE 42 U.S.C. §1983 CIVIL CONSPIRACY………………………………………………13-14

MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM DEFINED……………………………………………………15-17

WHY DOES THIS COURT HAVE JURISDICTION AND VENUE OVER MCGRAW'S CASE?........................................................17-18

WHO ARE THE DEFENDANTS?..........................................................18-19

ALLEGATIONS OF THE SCHEME COMMON TO DEFENDANTS…..19-33

**COUNT I –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM AGAINST BANKO (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFEND)…………..34-36

**COUNT II –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM AGAINST CHILDERS (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFEND)…...……………………………………………………….…36-39

**COUNT III –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM AGAINST CHILDERS LAW LLC (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFEND)…...……………………………………………………..39-41

**COUNT IV –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM AGAINST DESANTIS (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFEND)………………………………………………………………41-45

# TABLE OF CITATIONS

## U.S. Constitution

*U. S. Const. Amend. XI*…………………………………………………………11

*U. S. Const. Amend. XIV, § 1*…………………………………………13, 14, 15

## U.S. Supreme Court

*Adickes v. S. H. Kress & Co.,*
    398 U.S. 144, 149-150*,* and n. 5 (1970)……………………………………12

*Bd. of Regents of State Colls. v. Roth*,
    408 U.S. 564, 567 (1972)…………………………………………………14

*Chambers v. Baltimore & O. R. Co.*,
    207 U.S. 142, 148 (1907)………………………………………..…14-15, 44

*Dennis v. Sparks,*
    449 U.S. 24 (1980)…………………………………………………………12

*Ex parte Young*,
    209 U.S. 123 (1908)………………………………………………………..11

*Paul v. Davis*,
    424 U.S. 693, 706 (1976)…………………………………………………15

*Pennoyer v. Neff*,
    95 U.S. 714, 733 (1877)…………………………………………………..14

*Standard Oil Co. v. Missouri*,
    224 U.S. 270, 287 (1912)…………………………………………………14

*Twining v. New Jersey*,
    211 U.S. 78, 110 (1908)…………………………………………………14

## 11th Circuit Court of Appeals

*Bendiburg v. Dempsey*,
    909 F.2d 463, 468 (11th Cir. 1990)…..……………………………………..12

*Burrell v. Bd. of Trs. of Ga. Military Coll.*,
    970 F.2d 785, 792-93 (11th Cir. 1992)………………………………………12

*Cannon v. City of West Palm Beach*,
    250 F.3d 1299, 1302 (11th Cir. 2001)…..……………………………………15

*Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater,*
    2 F.3d 1514, 1526 (11th Cir. 1993)………………………………………...13

*Fla. Right to Life, Inc. v. Lamar,*
    273 F.3d 1318, 1323 (11th Cir. 2001)………..…………….................13

# TABLE OF CITATIONS
## (Continued)

*GJR Invs., Inc. v. Cnty. of Escambia*,
    132 F.3d 1359, 1370 (11th Cir. 1998)…………………………………..12
*McKinney v. Pate,*
    20 F.3d 1550 (11th Cir. 1994)……………………………….....…..15-17
*N.A.A.C.P. v. Hunt*,
    891 F.2d 1555, 1563 (11th Cir. 1990)…………………………………..12
*Runge v. Snow*,
    514 Fed. Appx. 891, 895 (11th Cir. 3-27-2013)……..…………………12


**Supreme Court of Florida**

*State ex rel. Askew v. Thomas,*
    293 So. 2d 40, 41 (Fla. 1974)……………………………………..44
*McPherson v. Flynn*,
    397 So. 2d 665, 667 (Fla. 1981)…………………………………………23
*Nader v. Fla. Dep't of Highway Safety & Motor Vehicles*,
    87 So. 3d 712, 724 (Fla. 2012)…………………………………………..25
*Puryear v. State*,
    810 So. 2d 901, 905 (Fla. 2002)…………………………………………15
*State ex rel. Askew v. Thomas*,
    293 So. 2d 40, 41 (Fla. 1974)………………………………………47, 51
*State v. Tedder*,
    143 So. 148 (Fla. 1932)………………………………………………….14


**Florida District Court of Appeals**

*Adoption Hot Line, Inc. v. State Dept. of Health and Rehab. Serv.*,
    385 So. 2d 682, 685 n. 2 (Fla. 3d DCA 1980)………………………...30
*Burnstein v. 5838 Condominium, Inc.*,
    430 So. 2d 572 (Fla. 3d DCA 1983)…………………………………….30
*Burns v. Tondreau*,
    139 So. 3d 481, 485 (Fla. 3d DCA 2014)…………………………..24-26
*Messing v. Nieradka*,
    230 So. 3d 962, 965 (Fla. 2nd DCA 2017)…………………………31, 32
*South Florida Limousines, Inc. v. Broward County Aviation Dep't*,
    512 So. 2d 1059, 1060 (Fla. 4th DCA 1987)……………………………30

# TABLE OF CITATIONS
## (Continued)

## Federal Statutes

*42 U.S.C. §1983*……………………………………………………………….11
*42 U.S.C. §1988*……………………………………………………………….10
*28 U.S.C. §1331*……………………………………………………………….17
*28 U.S.C. §1391(b)*…………………………………………………………...18

## Florida Statutes

Fla. Stat. § 80.01……………………………………………………………… .27
Fla. Stat. § 102.168…………………………………………………….........27
Florida Statute § 114.01(1)(g) and (2)………………………………22, 33, 43
Fla. Stat. § 120.52(1)(a)………………………………………………22, 33, 43
Fla. Stat. § 120.569(1)………………………………………………22, 33, 43

## Secondary Sources

Ex-parte, Black's Law Dictionary (10th ed. 2014)…………………………22

## WHO IS ELECTED OFFICIAL DIYONNE MCGRAW?

1. Diyonne McGraw (hereinafter "Plaintiff McGraw") is and was at all times material hereto a citizen of the United States of America.

2. Plaintiff McGraw is and was at all times material hereto a citizen of the great state of Florida.

3. Plaintiff McGraw is and was at all times material hereto a graduate of Florida Agricultural & Mechanical University, a/k/a FAMU.

4. Plaintiff McGraw is a longtime member of Alpha Kappa Alpha Sorority, Incorporated; she is also a member of The Links, Incorporated.

5. Plaintiff McGraw is a registered Democrat.

6. Plaintiff McGraw is a resident of Alachua County, Florida.

7. At all times material hereto, upon information and belief, a majority of Alachua County's 192,839 active registered voters were Democrats: 94,125 were active registered Democrats; 51,041 were active registered Republicans; and, 47,673 were active registered others.

8. On or about September 25, 2019, Plaintiff McGraw met with Tim L. Williams, Assistant Supervisor of Elections for Alachua County, to secure professional guidance on determining the District in which she resided before seeking to qualify to campaign for a seat on Alachua County's School Board.   During that meeting, Plaintiff McGraw

provided Mr. Williams with her longtime residence address, 4331 NW 21st Terrace, Gainesville, FL 32605, and he advised that Plaintiff McGraw resided in District 2 for purposes of qualifying and campaigning for the District 2 seat on Alachua County's School Board.

9. On or around June 11, 2020, Plaintiff McGraw returned to the Alachua County Supervisor of Elections' office to confirm for a second time with Tim L. Williams that her longtime residence address, 4331 NW 21st Terrace, Gainesville, FL 32605, was in District 2 and to submit the necessary paperwork to qualify to run for the District 2 seat on Alachua County's School Board.  Mr. Williams confirmed again that Plaintiff McGraw's longtime residence address was in District 2.  Thereafter, Plaintiff McGraw submitted the necessary paperwork using said longtime residence address and was certified as qualified to run for the District 2 seat on Alachua County's School Board:



10.     Plaintiff McGraw campaigned against Defendant Khanh-Lien Roberts Banko (hereinafter "Defendant Banko") for the District 2 seat on Alachua County's School Board.

11.     A county-wide primary election was held August 18, 2020 and Plaintiff McGraw prevailed.   The election results were certified on August 24, 2020:

**\*\*\* Official \*\*\***
## CERTIFICATE OF COUNTY CANVASSING BOARD
## ALACHUA COUNTY

We, the undersigned, SUSAN MILLER-JONES, County Judge, KIM A. BARTON, Supervisor of Elections, MARIHELEN WHEELER, County Commissioner, constituting the Board of County Canvassers in and for said County, do hereby certify that we met on the Twenty-Fourth day of August, 2020 A.D., and proceeded publicly to canvass the votes given for the several offices and persons herein specified at the **Nonpartisan Election** held on the Eighteenth day of August, 2020 A.D., as shown by the returns on file in the office of the Supervisor of Elections. We do hereby certify from said returns as follows:

**For School Board, District 2, the whole number of votes cast was 57,828 of which**

| | | |
|---|---|---|
| Khanh-Lien R. Banko | received | 27,550 votes |
| Diyonne L. McGraw | received | 30,278 votes |

12.     In November 2020, Plaintiff McGraw was sworn in as the District 2 seat representative on Alachua County's School Board.  At all times material hereto, Plaintiff McGraw has remained at and is currently residing at the address listed in paragraph nine (9) of this complaint.

13.      Thereafter, Alachua County's five (5) member school board consisted of three (3) African-American females and two (2) white males.

14.      Moreover, after Plaintiff McGraw took office, a number of controversial school board decisions were made as a result of final three (3) to two (2) votes along those lines.  For example, Plaintiff McGraw and the other two African-American females on the Alachua County School Board [which constituted a voting majority] pushed to immediately replace the then Superintendent Eileen Roy with a new person, Ms. Carlee Simon (a white female), in hopes that Ms. Simon would work to stamp out corruption throughout the school system and implement the School Board's policies that were ultimately designed to improve the educational experience for all of the public school students of Alachua County, especially those historically most vulnerable and lagging in performance (minorities).

15.      Furthermore, Plaintiff McGraw and the other two African-American females on the Alachua County School Board [which constituted a voting majority] sought to readdress the Alachua County School Board's masking policies to bring them more in conformity with President Joe Biden's federal policies on masking in an effort to bolster

protection for the health, safety and welfare of the staff, teachers, and students of Alachua County.

## WHAT IS THE NATURE OF MCGRAW'S CASE?

16.      Plaintiff alleges substantive due process claims against each of the Defendants.   In short, pursuant to 42 U.S.C. §1983, Plaintiff contends that private Defendants KHANH-LIEN ROBERTS BANKO, SELDON J. CHILDERS, and CHILDERS LAW LLC conspired with state actor GOVERNOR RON DESANTIS (a Defendant named in his individual and official capacities) and potentially state actor Eighth Judicial Circuit State Court Judge Donna M. Keim to deprive Plaintiff McGraw of her constitutional right to sue and defend as protected by the substantive due process component of the 14th Amendment.

17.      Furthermore, the Defendants acted with deliberate indifference to and reckless disregard for Plaintiff McGraw's constitutional right to sue and defend.   As a result, Plaintiff McGraw has suffered a deprivation of that fundamental right.

18.      Plaintiff McGraw seeks compensatory damages, punitive damages, equitable relief, and attorney's fees[1] and costs against each

---

[1] 42 U.S.C. §1988

of these Defendants in their individual capacities.  In so doing, Plaintiff McGraw hereby demands a jury trial.

19.    However, where Governor DeSantis is sued in his official capacity, this action merely seeks prospective equitable relief.[2]  In so doing, Plaintiff McGraw hereby demands a jury trial.

## 42 U.S.C. §1983 CIVIL CONSPIRACY DEFINED

20.    §1983 provides a cause of action for "person[s] within the jurisdiction" who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State."[3]  Accordingly, to prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) "that some person has deprived him of a federal right," and (2) "that the person who has deprived him of that right acted under color of state . . . law."

21.    Private parties conspiring with state officials/actors to deprive persons of constitutional rights are acting "under color" of law for

---

[2] The Eleventh Amendment does not bar Plaintiff McGraw's §1983 civil action for prospective equitable relief to end continuing violations of federal law against Governor Ron DeSantis in his official capacity pursuant to an exception established by/in *Ex parte Young*, 209 U.S. 123 (1908).
[3] *42 U.S.C. §1983*

purposes of *§1983* actions even where the state officials/actors may have immunity, absolute or qualified.[4]

22.      "A plaintiff may state a *§1983* claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right."[5]  "The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights.  The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy."[6]

23.      Factual proof of the existence of a *§1983 civil conspiracy* may be based on circumstantial evidence.[7]  The law does not require plaintiff to produce a "smoking gun".[8]  Further, the Defendants don't have to know or have met each and every co-conspirator.

---

[4] *Dennis v. Sparks,* 449 U.S. 24 (1980); *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 149-150*,* and n. 5 (1970)(private restaurant that denied plaintiff service in violation of federal law would be liable as state actor upon proof that it conspired with police officer to deprive plaintiff of her constitutional rights).

[5] *Runge v. Snow*, 514 Fed. Appx. 891, 895 (11th Cir. 3-27-2013)(citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998).

[6] *Runge v. Snow*, 514 Fed. Appx. 891, 895 (11th Cir. 3-27-2013)(citing *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)(citations omitted)(quoting *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990)).

[7] *Runge v. Snow*, 514 Fed. Appx. 891, 895 (11th Cir. 3-27-2013)(citing *Burrell v. Bd. of Trs. of Ga. Military Coll.*, 970 F.2d 785, 789 (11th Cir. 1992).

[8] *Burrell v. Bd. of Trs. of Ga. Military Coll.*, 970 F.2d 785, 792-93 (11th Cir. 1992)(citing *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990)(smoking gun not required to establish state action in *§1983* suit)).

24.      Corporations are "persons" within the meaning of 42 U.S.C. §1983.[9]

25.      Accordingly, Plaintiff McGraw can maintain this §1983 civil conspiracy action against the private Defendants – KHANH-LIEN ROBERTS BANKO, SELDON J. CHILDERS, and CHILDERS LAW LLC – for conspiring with state actor Defendant Governor Ron DeSantis and potentially Eighth Judicial Circuit Court Judge Donna M. Keim to violate Plaintiff McGraw's fundamental constitutional right to sue and defend; and, they each may be held liable.

## MCGRAW'S FUNDAMENTAL RIGHT TO SUE AND DEFEND DEPRIVED BY THE 42 U.S.C. §1983 CIVIL CONSPIRACY

26.      "The right to sue and defend in the courts is the alternative of force.  In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government.  It is one of the highest and most essential privileges of citizenship, and must be allowed by each State to the citizens of all other States to the precise extent that it is allowed to its own citizens.  Equality of treatment in this

---

[9] *See, e.g., Fla. Right to Life, Inc. v. Lamar,* 273 F.3d 1318, 1323 (11th Cir. 2001)(corporation may sue under section 1983 to vindicate its First and Fourteenth Amendment rights)*; Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater,* 2 F.3d 1514, 1526 (11th Cir. 1993)(holding that a religious corporation has standing to bring section 1983 claim to vindicate First Amendment rights).

respect is not left to depend upon comity between the States, but is granted and protected by the Federal Constitution."[10]

27.     At all times material hereto, Plaintiff McGraw had a fundamental constitutional right and privilege to sue and defend protected by the 14th Amendment[11] from deprivation by persons like the Defendants acting under color of state law.

28.     "Due process requires that the court which assumes to determine the rights of parties shall have jurisdiction…. and that there shall be notice and opportunity for hearing given the parties…. Subject to these two fundamental conditions, which seem to be universally prescribed in all systems of law established by civilized countries, this court has up to this time sustained all state laws, statutory or judicially declared, regulating procedure, evidence, and methods of trial, and held them to be consistent with due process of law…."[12]

---

[10] *Chambers v. Baltimore & O. R. Co.*, 207 U.S. 142, 148 (1907).

[11] "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *U. S. Const. Amend. XIV, § 1.*

[12] *Standard Oil Co. v. Missouri*, 224 U.S. 270, 287 (1912) (quoting with approval Justice Moody's summation of Due Process in *Twining v. New Jersey*, 211 U.S. 78, 110 (1908); <u>see</u> <u>also</u> *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877).

## MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM DEFINED

29.     The Due Process Clause of the 14th Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law."[13]  "The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process."[14]  "A violation of either of these kinds of protection may form the basis for a suit under section 1983."[15]

30.     The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty."[16]  Plaintiff McGraw's right to sue and defend has been characterized as both fundamental and one of the highest and essential privileges of American citizenship.[17]   It is therefore protected by the substantive component of the 14th Amendment's Due Process Clause and or if not, then it should be.

---

[13] *U. S. Const. Amend. XIV, § 1*
[14] *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).
[15] *Id.*
[16] *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)).
[17] *Chambers v. Baltimore & O. R. Co.*, 207 U.S. 142, 148 (1907).

31.      "A finding that a right merits substantive due process protection means that the right is protected "against 'certain government actions regardless of the fairness of the procedures used to implement them.'""[18]

32.      "Substantive due process rights differ from their procedural counterparts in a second, important fashion: the manner in which a violation of the right occurs."[19]   "A violation of a substantive due process right, for instance, is complete when it occurs; hence, the availability *vel non* of an adequate post-deprivation state remedy is irrelevant."[20]   "Because the right is "fundamental," no amount of process can justify its infringement."[21]

33.      The final distinctive characteristic of substantive due process rights is the typical remedy awarded to one whose rights have been violated.   "In substantive due process cases, the claimant seeks compensatory damages for the value of the deprived right."[22] "Because the relief awarded to a person claiming a substantive due process violation primarily is monetary, not equitable, a substantive

---

[18] *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Collins v. City of Harker Heights*,  U.S.   (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986))).
[19] *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994).
[20] *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994).
[21] *Id.*
[22] *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994).

due process deprivation likely is of substantially greater monetary value than a procedural due process deprivation."[23]

34.    The Defendants' conduct resulted in the deprivation of Plaintiff McGraw's fundamental right – and one of the highest and essential privileges of American citizenship – to sue and defend, specifically her right to defend herself.

## WHY DOES THIS COURT HAVE JURISDICTION AND VENUE OVER MCGRAW'S CASE?

35.     This Court has original jurisdiction over this action because it involves a federal question.[24]

36.    Venue is proper in the Northern District of Florida because:  the acts and or events complained of took place in Leon County, Florida and or Alachua County, Florida.  Furthermore, at all times material hereto, the parties resided in Leon County, Florida and or Alachua County, Florida:  Plaintiff McGraw resided and still does reside in Alachua, County, Florida; Defendant Banko resided in Alachua County, Florida; Seldon J. Childers resided in Alachua County, Florida; Defendant Childers Law LLC's principle place of business was located

---

[23] *McKinney v. Pate*, 20 F.3d 1550, 1557-58 (11th Cir. 1994).
[24] *28 U.S.C. §1331*.

in Alachua County, Florida; and, Governor Ron DeSantis worked and resided in Leon County, Florida.[25]

## WHO ARE THE DEFENDANTS?

37.     Upon information and belief, Defendant KHANH-LIEN ROBERTS BANKO (hereinafter "Defendant Banko") was and is a citizen of the United States of America and a citizen of the great state of Florida.  At all times material hereto, Defendant Banko resided in Alachua County, Florida.  Defendant Banko's husband was and is a registered Republican.     Defendant Banko was a registered Republican; but, in an attempt to be competitive, she changed her party affiliation to Democrat prior to campaigning against Plaintiff McGraw for the District 2 Seat on Alachua County's School Board. Ultimately, Defendant Banko lost the August 2020 primary election to Plaintiff McGraw.

38.     Upon information and belief, Defendant SELDON J. CHILDERS (hereinafter "Defendant Childers") was and is a citizen of the United States of America and a citizen of the great state of Florida.  At all times material hereto, Defendant Childers resided in Alachua County, Florida

---

[25] *28 U.S.C. §1391(b).*

and was an attorney licensed by The Florida Bar to practice law in Florida.  Defendant Childers was and is a registered Republican.

39.     Upon information and belief, Defendant CHILDERS LAW LLC (hereinafter "Defendant Childers Law") is a limited liability company created under the laws of Florida with its principle place of business in Alachua County, Florida.   Defendant Childers Law is owned and operated by its managing member, Defendant Childers.

40.     Upon information and belief, Defendant RON DESANTIS (hereinafter "Defendant DeSantis") was and is a citizen of the United States of America and a citizen of the great state of Florida.  At all times material hereto, Defendant DeSantis resided in Leon County, Florida. and served as the Governor of Florida.  Defendant DeSantis has a BA from Yale University and a JD from Harvard University; further, Defendant DeSantis is a decorated Iraq war veteran and Naval JAG officer.  Defendant DeSantis was and is a registered Republican.

**ALLEGATIONS OF THE SCHEME COMMON TO ALL DEFENDANTS**

41.     Upon information and belief, on or about June 7, 2021, Defendant Banko – along with her former campaign manager Richard McNeill and another former campaign worker, Thomas Cowart – retained Defendant Childers and Defendant Childers Law for the

purpose of concocting a scheme through sophistry to quickly remove Plaintiff McGraw from office as the District 2 representative on Alachua County's School Board [contrary to the will of the people of Alachua County, Florida] in a manner and my means intended to deprive Plaintiff McGraw of her fundamental right to [sue and] defend herself.

42.     The scheme was premised upon allegations that:  a) Plaintiff McGraw was unqualified to be elected to the District 2 School Board seat based upon the applicable residency requirements at the time she was certified as a qualified candidate for the August 2020 county-wide primary election by the Alachua County Supervisor of Elections; b) Plaintiff McGraw was unqualified to be elected to the District 2 School Board seat based upon the applicable residency requirements at the time of the August 18, 2020 county-wide primary election and at the time those election results were certified on August 24, 2020 by the Alachua County Canvassing Board; c) Plaintiff McGraw failed to qualify within thirty (30) days from the commencement of her term of office as the District 2 School Board representative; and, d) Plaintiff McGraw failed to maintain the residence required when elected.

43.     The manner and means by which the scheme was to be implemented involved: a) filing a lawsuit [in the Circuit Court of the

Eighth Judicial Circuit in and for Alachua County, Florida] for declaratory and injunctive relief against Plaintiff McGraw based upon the allegations that she was unqualified for her District 2 seat as set forth in paragraph forty-two (42) herein knowing that the circuit court did not have subject matter jurisdiction over a question concerning Plaintiff McGraw's qualifications to run for office after she was elected; b) forwarding a copy of that lawsuit to Defendant DeSantis in his capacity as Governor of Florida knowing that the circuit court did not have subject matter jurisdiction over same; c) filing a Verified Emergency Ex-parte Motion for Injunctive Relief once suit was filed based upon allegations that Plaintiff McGraw was unqualified for her District 2 seat as set forth in paragraph forty-two (42) herein knowing that the circuit court did not have subject matter jurisdiction over same; d) obtaining an order from the circuit court ex-parte[26] on the Verified Emergency Ex-parte Motion for Injunctive Relief without affording Plaintiff McGraw reasonable notice and a meaningful opportunity to be heard knowing that the circuit court did not have subject matter jurisdiction to issue same; and, e) forwarding the purported court order

---

[26] The term "ex-parte" is defined as some action being "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest."  Ex-parte, Black's Law Dictionary (10th ed. 2014).

obtained ex-parte to Defendant DeSantis in his capacity as Governor of Florida so that he could issue an Executive Order [without giving Plaintiff McGraw the necessary notice under Florida's Administrative Procedures Act][27] declaring the District 2 seat on Alachua County's School Board vacant [purportedly removing Plaintiff McGraw from office] based upon the court order obtained ex-parte knowing that the circuit court did not have subject matter jurisdiction to issue same.

44.     The aforementioned scheme along with the manner and means by which it was implemented was and is violative of Plaintiff McGraw's fundamental right [and one of the highest and essential privileges of American citizenship] to sue and defend protected by the substantive due process component of the 14th Amendment.

45.     In Florida "[a]t common law, except for limited application of quo warranto, there was no right to contest in court any public election,

---

[27] Under Florida's Administrative Procedures Act, Governor DeSantis falls within the definition of "Agency" where, as here, he was purportedly acting based on a duty expressly required by Florida Statute § 114.01(1)(g) and (2) and not expressly by Florida's Constitution. *See* Fla. Stat. § 120.52(1)(a). Therefore, when Governor DeSantis issued Executive Order 21-147 [pursuant to Florida Statute § 114.01(1)(g) and (2)] effecting Petitioner McGraw's "substantial interest" in her District 2 seat on the Alachua County School Board, Governor DeSantis was simultaneously required to give Petitioner McGraw written notice of "any administrative hearing or judicial review that is available under this section, s. 120.57, or s. 120.68; shall indicate the procedure that must be followed to obtain the hearing or judicial review; and shall state the time limits which apply." *See* Fla. Stat. § 120.569(1).

because such a contest is political in nature and therefore outside the judicial power."[28]  As the Florida Supreme Court noted in *McPherson*:

> "Since there is no common law right to contest elections, any statutory grant [*485] must necessarily be construed to grant only such rights as are explicitly set out. The statutory election contest has been interpreted as referring only [**8] to consideration of the balloting and counting process. The balloting process is distinct from the legal qualifications of the candidates, and we can find no authority for extending an election contest to areas outside the balloting process."[29]

In that regard, the Third DCA has made it clear that the time for challenging a candidates qualifications to run for office is prior to the election, <u>not</u> after.[30]  In *Burns*, the trial court dismissed the plaintiff's complaint for declaratory and injunctive relief citing *McPherson v. Flynn*, 397 So. 2d 665 (Fla. 1981) and finding that "[g]enerally, courts have no inherent power to determine election contests nor do courts have jurisdiction to inquire into a person's qualification to run for office after that person has been duly elected."[31]  In affirming in part but reversing in part the trial court's ruling, the Third DCA adopted the trial court's reasoning and reiterated that the time to challenge the office

---

[28] *See, McPherson v. Flynn*, 397 So. 2d 665, 667 (Fla. 1981).
[29] *See, McPherson v. Flynn*, 397 So. 2d 665, 668 (Fla. 1981).
[30] *See, Burns v. Tondreau*, 139 So. 3d 481, 485 (Fla. 3d DCA 2014).
[31] *See, Burns v. Tondreau*, 139 So. 3d 481, 483 (Fla. 3d DCA 2014).

holder's qualifications to run for office was prior to the election, <u>not</u> after, specifically stating:

> "Accordingly, we affirm the trial court's order granting the dismissal based on the Amended Complaint's allegations challenging, postelection, whether Tondreau met the qualification requirements necessary to run for the office of mayor. The time to have challenged Tondreau's qualifications to run for office was prior to the election, not after."[32]

Ultimately, the Third DCA held that "we affirm the trial court's order dismissing Burns's Amended Complaint for lack of subject matter jurisdiction with regard to any allegations involving Tondreau's qualifications to run for office, as this type of post-election challenge is not permitted."[33]   However, the Third DCA reversed the trial court in part because the amended complaint also sought relief pursuant to Florida Statute § 102.168: specifically holding that "[b]ecause the Amended Complaint also sought relief pursuant to section 102.168(3)(b), Florida Statutes (2012), which does permit post-election [**18] challenges to the eligibility of the successful candidate for the office in dispute, we reverse and remand for Burns to file an

---

[32] *See, Burns v. Tondreau*, 139 So. 3d 481, 485 (Fla. 3d DCA 2014).
[33] *See, Burns v. Tondreau*, 139 So. 3d 481, 488 (Fla. 3d DCA 2014).

amended complaint that challenges only Tondreau's alleged ineligibility for the office of mayor…."[34]

46.     At all times material hereto, the Third DCA's opinion in *Burns* was and is controlling precedent binding on the trial courts of the Eighth Judicial Circuit in and for Alachua County, Florida.  As the Florida Supreme Court has explained "it is logical and necessary in order to preserve stability and predictability in the law that, likewise, trial courts be required to follow the holdings of higher courts – District Courts of Appeal."[35]  Further, "[t]he proper hierarchy of decisional holdings would demand that in the event the only case on point on a district level is from a district other than the one in which the trial court is located, the trial court be required to follow that decision."[36]

47.     At all times material hereto, the Florida Supreme Court's opinion in *McPherson* was and is controlling precedent, binding on the trial courts of the Eighth Judicial Circuit in and for Alachua County, Florida.

48.     In furtherance of the aforementioned scheme described in paragraphs forty-one (41) through forty-four (44) herein, on or about

---

[34] *See, Burns v. Tondreau*, 139 So. 3d 481, 488 (Fla. 3d DCA 2014).
[35] *Nader v. Fla. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 724 (Fla. 2012) (citing *Pardo v. State*, 596 So. 2d 665, 666-67 (Fla. 1992)).
[36] Id.

Tuesday, June 8, 2021, Defendant Childers' wife, Michelle Childers, emailed the Alachua County Supervisor of Elections' office requesting a statement regarding whether Plaintiff McGraw's longtime residence was in District 2.   In response, Thomas J. Pyche – director of community outreach for the Alachua County Supervisor of Elections' office – emailed back that it was not, contrary to the prior statement of Tim L. Williams, Assistant Supervisor of Elections, and the certificate of qualification issued to Plaintiff McGraw by the Honorable Kim Burton, Alachua County Supervisor of Elections.

49.      In furtherance of the aforementioned scheme described in paragraphs forty-one (41) through forty-four (44) herein, on or about Wednesday, June 9, 2021, a lawsuit was filed by Defendant Childers and Defendant Childers Law on behalf of Defendant Banko [in the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, Florida] for declaratory and injunctive relief against Plaintiff McGraw based upon the allegations that she was unqualified for her District 2 seat as set forth in paragraph forty-two (42) herein with knowledge that the circuit court did not have subject matter jurisdiction.   That lawsuit was assigned case number 2021-CA-1594.   That lawsuit was not filed as a petition for writ of quo warranto pursuant to Florida Statute § 80.01

et seq. nor was it filed as an election contest pursuant to Florida Statute § 102.168.

50.    In furtherance of the aforementioned scheme described in paragraphs forty-one (41) through forty-four (44) herein, on or about Friday, June 11, 2021, Defendant Banko communicated in writing with Defendant DeSantis in his official capacity as Governor of Florida and thereby provided him with a copy of the lawsuit that was filed on Wednesday, June 9, 2021, with knowledge that the circuit court did not have subject matter jurisdiction requesting that the Governor act fast base on a copy of the lawsuit because she was aware of the caselaw involving residency qualifications and it would take too long to litigate.

51.    At all times material hereto, Defendant DeSantis was and is a state actor.[37]

52.    Moreover, in her June 11, 2021 communication, it appears that Defendant Banko personally appealed to Defendant DeSantis to immediately remove Plaintiff McGraw from office and she admits to having knowledge of the other residency cases implying awareness of the *McPherson* and *Burns* opinions.

---

[37] *See*, Fla. Const. Art. IV, § 1(a)("The governor shall be the chief administrative officer of the state….").

53.     In furtherance of the aforementioned scheme described in paragraphs forty-one (41) through forty-four (44) herein, on or about Friday, June 11, 2021, Defendant Banko also executed a Verified Emergency Ex-parte Motion for Injunctive Relief against Plaintiff McGraw based upon the allegations that she was unqualified for her District 2 seat as set forth in paragraph forty-two (42) herein with knowledge that the circuit court did not have subject matter jurisdiction. That motion was prepared by Defendant Childers and Defendant Childers Law and electronically filed in case number 2021-CA-1594 on behalf of Defendant Banko at or around 9:42am on Friday, June 11, 2021.

54.     In furtherance of the aforementioned scheme described in paragraphs forty-one (41) through forty (44) herein, on Friday afternoon, June 11, 2021, Defendant Childers and Defendant Childers Law communicated by email with state actor Eighth Judicial Circuit Court Judge Donna M. Keim via her judicial assistant to schedule a hearing on Defendant Banko's ex-parte motion emphasizing that said hearing did not need to be coordinated with the other parties because he was seeking ex-parte relief:

**From:** jchilders@smartbizlaw.com <jchilders@smartbizlaw.com>
**Sent:** Friday, June 11, 2021 11:56 AM
**To:** Theresa Hall <hallt@circuit8.org>
**Cc:** Bob Swain <bswain@alachuacounty.us>; David M. Delaney <david.delaney@dellgraham.com>; Angela Masciulli <angela.masciulli@smartbizlaw.com>; Ellen Lord <ellen.lord@smartbizlaw.com>
**Subject:** RE: 21-CA-1594 Request for Emergency Hearing for Temporary Injunction

Theresa,

Thank you, I have confirmed the hearing time with Mr. Swain and we will prepare the notice. The school board is not a party and Mr. Delaney has only been copied as a courtesy; the school board will not attend the hearing and we do not need to coordinate with him.

Since the hearing is sought ex-parte, other parties are not required for attendance, however we will immediately provide Ms. McGraw with a copy of the notice of hearing to her official public email address.

We would also request that the hearing be held by Zoom if possible, or live if not. Please let us know the court's preference, and if the court prefers whether the zoom information should be included on the notice.

Regards,

Jeff Childers

55.     Ultimately, an ex-parte hearing was held via Zoom before Alachua County Circuit Court Judge Donna M. Keim at 11:30am on Monday, June 14, 2021.  Judge Keim is and was at all times material hereto a registered Republican with at least one child currently attending Alachua County Public Schools.

56.     Judge Keim knew of and or was made aware of the *McPherson* and *Burns* opinions before the ex-parte proceeding held at 11:30am on Monday, June 14, 2021, and before she entered her ruling denying Khanh-Lein Banko's emergency temporary injunction on Tuesday, June 15, 2021.   Nevertheless, although the ultimate ruling was

favorable to Diyonne McGraw, Judge Keim included language in the order suggesting that Khanh-Lien Banko had a likelihood of success on the merits of her claim even though the order was not a final determination of the merits[38] of the lawsuit and the court was without jurisdiction to entertain the lawsuit.

57.     Thereafter, in furtherance of the aforementioned scheme described in paragraphs forty-one (41) through forty-four (44) herein, on Tuesday afternoon, June 15, 2021, Defendant Childers and Defendant Childers Law communicated with Defendant DeSantis via email [through his General Counsel James Uthmeier] providing Governor DeSantis with notice of Judge Keim's order denying Khahn-Lien Banko the relief she sought but indicating that a vacancy had nevertheless been created in the School Board District 2 seat by the purported findings contained therein when he knew or should have

---

[38] Specifically, the denial of a temporary or preliminary injunction does not decide any material points in controversy. *See Adoption Hot Line, Inc. v. State Dept. of Health and Rehab. Serv.*, 385 So. 2d 682, 685 n. 2 (Fla. 3d DCA 1980)(denial of temporary injunction does not decide any material points in controversy and therefore does not preclude granting of permanent injunction at the conclusion of the case). Likewise, "[a] preliminary injunction does not purport to decide the merits of a cause of action but merely serves to maintain the status quo pending a final determination on those merits; the provisions of such injunction may be merged in, or dissolved by, the final decree." *Burnstein v. 5838 Condominium, Inc.*, 430 So. 2d 572 (Fla. 3d DCA 1983); *see* also *South Florida Limousines, Inc. v. Broward County Aviation Dep't*, 512 So. 2d 1059, 1060 (Fla. 4th DCA 1987)("A preliminary injunction does not purport to decide the merits of a cause of action, but merely serves to preserve the status quo until a final hearing.).

known that wasn't true under Florida law and knew or should have known that Diyonne McGraw did not have reasonable notice under Florida law that she needed to be present for the ex-parte hearing or that she would be permitted to present evidence at same.[39]

58.     Having reached an understanding with the other Defendants of the aforementioned scheme described in paragraphs forty-one (41) through forty-four (44) herein and in furtherance thereof, Defendant DeSantis issued Executive Order Number 21-147 purportedly declaring a vacancy in the District 2 seat that Plaintiff McGraw held on Alachua County's School Board.  Said Executive Order was issued solely on the basis of Judge Keim's order denying Khahn-Lien Banko the relief she sought in case number 2021-CA-1594 and it falsely

---

[39] "Hence, the failure to provide a party with adequate notice of the need to be present at a hearing constitutes a violation of due process."  *See Messing v. Nieradka*, 230 So. 3d 962, 965 (Fla. 2nd DCA 2017) (citing e.g. *Wildwood Props., Inc. v. Archer of Vero Beach, Inc.*, 621 So. 691, 692 (Fla. 4th DCA 1993)).  "So too does the taking of evidence at a hearing not noticed as an evidentiary hearing."  See *Messing v. Nieradka*, 230 So. 3d 962, 965 (Fla. 2nd DCA 2017) (citing *Trans Health Mgmt., Inc. v. Nunziata*, 159 So. 3d 850, 861 (Fla. 2nd DCA 2014)).

"Blindsiding a party by announcing on the day of the hearing that the court will entertain evidence at a hearing not noticed as an evidentiary hearing is the epitome of a due process violation."  *See Messing v. Nieradka*, 230 So. 3d 962, 965 (Fla. 2nd DCA 2017) (citing *Jackson v. Leon Cty. Elections Canvassing Bd.*, 204 So. 3d 571, 578 (Fla. 1st DCA 2016) ("[T]he opportunity to be heard at an evidentiary hearing requires time to secure the attendance of witnesses and to prepare for the presentation of evidence and argument." (quoting *Crepage v. City of Lauderhill*, 774 So. 61, 65 (Fla. 4th DCA 2000))).  In other words, "proper notice of the need to be present and to present evidence is required."  See Messing v. Nieradka, 230 So. 3d 962, 965 (Fla. 2nd DCA 2017).

claimed that: the Circuit Court held a hearing to determine whether a vacancy existed in the District 2 seat based on the residency requirements; that Diyonne McGraw failed to present any evidence to contest the allegations of her lack of qualifications to serve based on the residency requirements; and, that the Circuit Court found preliminarily that there was a likelihood of success on the merits of the declaratory action against Diyonne McGraw, because McGraw did not reside in the district for which she was elected.

59.     Executive Order Number 21-147 was published and made a part of the public record by its filing with Florida's Department of State on June 17, 2021.    It was also circulated to attorney David M. Delaney: a partner in an area law firm, Dell Graham, representing the Alachua County School Board.   However, Defendant DeSantis did <u>not</u> give Diyonne McGraw notice of his order as required by Florida's Administrative Procedures Act[40] even though his order was issued

---

[40] Under Florida's Administrative Procedures Act, Governor DeSantis falls within the definition of "Agency" where, as here, he was purportedly acting based on a duty expressly required by Florida Statute § 114.01(1)(g) and (2) and not expressly by Florida's Constitution. *See* Fla. Stat. § 120.52(1)(a). Therefore, when Governor DeSantis issued Executive Order 21-147 [pursuant to Florida Statute § 114.01(1)(g) and (2)] effecting Petitioner McGraw's "substantial interest" in her District 2 seat on the Alachua County School Board, Governor DeSantis was simultaneously required to give Petitioner McGraw written notice of "any administrative hearing or judicial review that is available under this section, s. 120.57, or s. 120.68; shall indicate the procedure that must be

pursuant to the express language of Florida Statutes § 114.01(1)(g) and (2) and not by any express language in Florida's Constitution.

60.    Prior to being appointed by former Republican Governor Rick Scott, Judge Keim was an associate at Dell Graham, the same firm for which Attorney Delaney was working at the time.

61.    Attorney Delaney erroneously advised the school board members that Executive Order 21-147 was tantamount to a suspension order and that Plaintiff McGraw was no longer permitted to participate in meetings because she had effectively been removed from office.

62.    Acting on Executive Order 21-147, the Alachua County School Board refused to permit Plaintiff McGraw to participate in and or vote at meetings effective immediately.

63.    Thereafter, Plaintiff McGraw's salary and benefits were terminated.

[continued on next page]

---

followed to obtain the hearing or judicial review; and shall state the time limits which apply." *See* Fla. Stat. § 120.569(1).

**COUNT I –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM
AGAINST BANKO (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE
MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFEND)

64.    For the sake of brevity, the allegations contained in paragraphs

one (1) through sixty-three (63) are hereby realleged as if fully set forth

herein.

65.    Defendant Banko, acting in furtherance of the scheme described

in paragraphs forty-one (41) through forty-four (44) of this amended

complaint, did in fact deprive Plaintiff McGraw of her fundamental right

[and highest and essential privilege of American citizenship] to sue and

defend as protected by the substantive component of the 14th

Amendment's Due Process Clause.

66.     Though Defendant Banko is a private citizen, she acted under

color of state law by conspiring with state actor Defendant Governor

Ron DeSantis to effectuate the deprivation described in paragraphs

sixty-four (64) and sixty-five (65) above.    Specifically, after

communicating with Defendant Governor Ron DeSantis in writing on

June 11, 2021 requesting his assistance in effectuating the

aforementioned scheme, an understanding was reached between the

two as evidenced by, among other things, Defendant Governor Ron

DeSantis' issuance of Executive Order Number 21-147 on June 17, 2021.

67.    Furthermore, Defendant Banko has acted with malicious intent and or in reckless disregard for Plaintiff McGraw's fundamental right [and highest and essential privilege of American citizenship] to sue and defend as protected by the substantive component of the 14th Amendment's Due Process Clause.  Upon information and belief, Defendant Banko was motivated to act in furtherance of the scheme at least in part by her friendship with past Superintendent Eileen Roy who was terminated and replaced by Ms. Carlee Simon at the instance of Plaintiff McGraw.  Further, after becoming the new Superintendent, Ms. Simon terminated the contracts of certain Alachua County School Board employees including but not limited to, Thomas Cowart, one of the people that worked on Defendant Banko's campaign for the District 2 seat that Plaintiff McGraw won in the fall 2020 election.

68.    As a direct and proximate result, Plaintiff McGraw has suffered the following injuries: a) attorney's fees and costs; b) inability to participate and or vote as a member of the Alachua County School Board; c) termination of her salary and benefits as an Alachua County

School Board member; and, d) emotional pain, suffering, public shame and humiliation.

69.      WHEREFORE, Plaintiff McGraw hereby demands a trial by jury on all issues so triable and further prays for the following relief: a) compensatory damages; b) punitive damages; c) attorney's fees and expert fee costs pursuant *42 U.S.C. §1988(b) and (c)* respectively; d) an order declaring Defendant Banko's scheme and her conduct in furtherance thereof unconstitutional; e) an order enjoining Defendant Banko from engaging in any future conduct in furtherance of the scheme described herein; and, f) a final judgment against Defendant Banko effectuating the foregoing requested relief.

**COUNT II –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM AGAINST CHILDERS (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFEND)

70.      For the sake of brevity, the allegations contained in paragraphs one (1) through sixty-three (63) are hereby realleged as if fully set forth herein.

71.      Defendant Childers, acting in furtherance of the scheme described in paragraphs forty-one (41) through forty-four (44) of this amended complaint, did in fact deprive Plaintiff McGraw of her fundamental right [and highest and essential privilege of American

citizenship] to sue and defend as protected by the substantive component of the 14th Amendment's Due Process Clause.

72.     Though Defendant Childers is a private citizen, he acted under color of state law by conspiring with Defendant Banko and state actor Defendant Governor Ron DeSantis to effectuate the deprivation described in paragraphs seventy (70) through seventy-one (71) above. Specifically, after communicating with Defendant Governor Ron DeSantis via email [through his General Counsel James Uthmeier] on June 15, 2021 and requesting his assistance in effectuating the aforementioned scheme, an understanding was reached between the two as evidenced by, among other things, Defendant Governor Ron DeSantis's issuance of Executive Order Number 21-147 on June 17, 2021.

73.     Furthermore, Defendant Childers has acted with malicious intent and or in reckless disregard for Plaintiff McGraw's fundamental right [and highest and essential privilege of American citizenship] to sue and defend as protected by the substantive component of the 14th Amendment's Due Process Clause.  Upon information and belief, Defendant Childers was personally motivated to act in furtherance of the scheme at least in part by his family's personal opposition to the

masking policy that he anticipated the Alachua County School Board would impose on his school aged children at the instance of Plaintiff McGraw and the other two African-American women on the Alachua County School Board who were supporting President Joe Biden's national policy on the issue.  Indeed, upon information and belief, in May 2021, Defendant Childers's wife publicly expressed her opposition to children being required to wear masks in school at a School Board meeting; and, Defendant Childers sent a cease and desist letter attaching a previously issued Executive Order by Governor DeSantis directed to the School Board, via Attorney Delaney of Dell Graham. When he got no response from Attorney Delaney, he resorted to trying to alter the voting power on the School Board through the scheme referenced herein.

74.      As a direct and proximate result, Plaintiff McGraw has suffered the following injuries: a) attorney's fees and costs; b) inability to participate and or vote as a member of the Alachua County School Board; c) termination of her salary and benefits as an Alachua County School Board member; and, d) emotional pain, suffering, public shame and humiliation.

75.     WHEREFORE, Plaintiff McGraw hereby demands a trial by jury on all issues so triable and further prays for the following relief: a) compensatory damages; b) punitive damages; c) attorney's fees and expert fee costs pursuant 42 U.S.C. §1988(b) and (c) respectively; d) an order declaring Defendant Childers's scheme and his conduct in furtherance thereof unconstitutional; e) an order enjoining Defendant Childers from engaging in any future conduct in furtherance of the scheme described herein; and, f) a final judgment against Defendant Childers effectuating the foregoing requested relief.

**COUNT III –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM AGAINST CHILDERS LAW LLC (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFEND)

76.     For the sake of brevity, the allegations contained in paragraphs one (1) through sixty-three (63) are hereby realleged as if fully set forth herein.

77.     Defendant Childers Law, acting though its agents, employees, and managing member in furtherance of the scheme described in paragraphs forty-one (41) through forty-four (44) of this amended complaint, did in fact deprive Plaintiff McGraw of her fundamental right [and highest and essential privilege of American citizenship] to sue and

defend as protected by the substantive component of the 14th Amendment's Due Process Clause.

78.     Though Defendant Childers Law is a private actor/person, it acted under color of state law through its agents, employees, and or managing member by conspiring with Defendant Banko and state actor Defendant Governor Ron DeSantis to effectuate the deprivation described in paragraphs seventy-six (76) through seventy-seven (77) above.  Specifically, after communicating with Defendant Governor Ron DeSantis in writing on June 15, 2021 requesting his assistance in effectuating the aforementioned scheme, an understanding was reached between the two as evidenced by, among other things, Defendant Governor Ron DeSantis' issuance of Executive Order Number 21-147 on June 17, 2021.

79.     Furthermore, Defendant Childers Law has acted through its agents, employees, and or managing member with malicious intent and or in reckless disregard for Plaintiff McGraw's fundamental right [and highest and essential privilege of American citizenship] to sue and defend as protected by the substantive component of the 14th Amendment's Due Process Clause.

80.     As a direct and proximate result, Plaintiff McGraw has suffered the following injuries: a) attorney's fees and costs; b) inability to participate and or vote as a member of the Alachua County School Board; c) termination of her salary and benefits as an Alachua County School Board member; and, d) emotional pain, suffering, public shame and humiliation.

81.     WHEREFORE, Plaintiff McGraw hereby demands a trial by jury on all issues so triable and further prays for the following relief: a) compensatory damages; b) punitive damages; c) attorney's fees and expert fee costs pursuant 42 U.S.C. §1988(b) and (c) respectively; d) an order declaring Defendant Childers Law's scheme and its conduct in furtherance thereof unconstitutional; e) an order enjoining Defendant Childers Law from engaging in any future conduct in furtherance of the scheme described herein; and, f) a final judgment against Childers Law effectuating the foregoing requested relief.

**COUNT IV –** MCGRAW'S SUBSTANTIVE DUE PROCESS CLAIM AGAINST DESANTIS (42 U.S.C. §1983 CIVIL CONSPIRACY TO DEPRIVE MCGRAW OF HER FUNDAMENTAL RIGHT TO SUE AND DEFENDANT)

82.     For the sake of brevity, the allegations contained in paragraphs one (1) through sixty-three (63) are hereby realleged as if fully set forth herein.

83.     Defendant DeSantis, acting in furtherance of the scheme described in paragraphs forty-one (41) through forty-four (44) of this amended complaint, did in fact deprive Plaintiff McGraw of her fundamental right [and highest and essential privilege of American citizenship] to sue and defend as protected by the substantive component of the 14th Amendment's Due Process Clause.

84.     Defendant DeSantis as Governor of Florida was and is at all times material hereto a state actor and he acted under color of state law to effectuate the deprivation described in paragraphs eighty-two (82) and eighty-three (83) above.    Further, after receiving communication [in writing on June 11, 2021 from Defendant Banko and again from Defendant Childers and Defendant Childers Law via email on June 15, 2021 through his General Counsel James Uhmeier] requesting his assistance in effectuating the aforementioned scheme, an understanding was reached between Defendant DeSantis and the other Defendants as evidenced by, among other things, Defendant Governor Ron DeSantis's issuance of Executive Order Number 21-147

on June 17, 2021 without proper notice to Plaintiff McGraw pursuant to Florida's Administrative Procedures Act.[41]

85.     Defendant DeSantis has acted with malicious intent and or in reckless disregard for Plaintiff McGraw's fundamental right [and highest and essential privilege of American citizenship] to sue and defend as protected by the substantive component of the 14th Amendment's Due Process Clause.  Upon information and belief, Defendant DeSantis was personally motivated to act in furtherance of the scheme at least in part by his opposition to the masking policy that he anticipated the Alachua County School Board would impose at the instance of Plaintiff McGraw and the other two African-American women on the Alachua County School Board who were supporting President Joe Biden's national policy on the issue.  Upon information and belief, Defendant DeSantis has aspirations of campaigning for and

---

[41] Under Florida's Administrative Procedures Act, Governor DeSantis falls within the definition of "Agency" where, as here, he was purportedly acting based on a duty expressly required by Florida Statute § 114.01(1)(g) and (2) and not expressly by Florida's Constitution.  *See* Fla. Stat. § 120.52(1)(a).  Therefore, when Governor DeSantis issued Executive Order 21-147 [pursuant to Florida Statute § 114.01(1)(g) and (2)] effecting Petitioner McGraw's "substantial interest" in her District 2 seat on the Alachua County School Board, Governor DeSantis was simultaneously required to give Petitioner McGraw written notice of "any administrative hearing or judicial review that is available under this section, s. 120.57, or s. 120.68; shall indicate the procedure that must be followed to obtain the hearing or judicial review; and shall state the time limits which apply."  *See* Fla. Stat. § 120.569(1).

defeating current President Joe Biden, should President Biden choose to run for reelection, and needs strong support from core Republican voters that are against mask mandates nationwide, including here in Florida.   Furthermore, Defendant DeSantis knew or should have known that his office had not filed a petition for writ of quo warranto nor authorized any third parties to do so on behalf of the state of Florida: that being the only other process of law by which the removal of Plaintiff McGraw from the District 2 seat on Alachua County's School Board [based on an alleged failure to maintain residency requirements] could have been effectuated at this time in accordance with due process under Florida law.[42]

86.      Moreover, Defendant DeSantis's conduct is not shielded by qualified immunity because he was on notice of Plaintiff McGraw's fundamental right to sue and defend by the U.S. Supreme Court's opinion in *Chambers v. Baltimore & O. R. Co.*, 207 U.S. 142, 148 (1907).

87.      As a direct and proximate result, Plaintiff McGraw has suffered the following injuries: a) attorney's fees and costs; b) inability to participate and or vote as a member of the Alachua County School

---

[42] *State ex rel. Askew v. Thomas*, 293 So. 2d 40, 41 (Fla. 1974).

Board; c) termination of her salary and benefits as an Alachua County School Board member; and, d) emotional pain, suffering, public shame and humiliation.

88.     WHEREFORE, Plaintiff McGraw hereby demands a trial by jury on all issues so triable and further prays for the following relief: a) compensatory damages against Defendant DeSantis in his individual capacity; b) punitive damages against Defendant DeSantis in his individual capacity; c) attorney's fees and expert fee costs pursuant 42 U.S.C. §1988(b) and (c) respectively against Defendant DeSantis in his individual capacity; d) an order declaring Defendant DeSantis' scheme and his conduct in furtherance thereof unconstitutional; e) an order enjoining Defendant DeSantis from engaging in any future conduct in furtherance of the scheme described herein and withdrawing and or vacating Executive Order Number 21-147; and, f) a final judgment against Defendant DeSantis effectuating the foregoing requested relief.

[signature block on next page]

Respectfully submitted,

Richard Keith Alan II, Esq.
Trial and Appellate Counsel
777 S. Flagler Drive
Suite 800 – West Tower
West Palm Beach, Florida 33401
(800) 832-3470 telephone
(561) 771-0520 facsimile

By: /s/ *Richard Keith Alan II*
Richard Keith Alan II, For the Firm
Florida Bar No. 120863
Primary: attyrkaii@timefortrial.com
Secondary: blackops777@timefortrial.com